Filed 6/18/15  Shaffer v. Sage CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

**JAY DONALD SHAFFER,**

  **Plaintiff and Respondent,**                               A143675

  **v.**                                                                   **(Sonoma County
                                                                             Super. Ct. No. SCV256024)**

**SHARON MARIE SAGE,**

  **Defendant and Appellant.**

_____/

The trial court issued an injunction protecting Jay Donald Shaffer from Sharon Marie Sage (Code Civ. Proc., § 527.6).[1]  Sage appeals in propria persona.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

"We summarize the facts in the light most favorable to the judgment."  (*Brekke v. Wills* (2005) 125 Cal.App.4th 1400, 1405 (*Brekke*).)

In 2014, Shaffer requested an injunction requiring Sage to stay 100 yards away from him.  In his request (form CH-100) and supporting declaration, Shaffer stated Sage began "stalking and harassing" him after he "declined her advances."  Over a two-year period, Sage called Shaffer over 100 times, wrote him at least 15 letters, and came to his house several times and yelled at him.  In these communications, Sage threatened to "hurt and kill" Shaffer — she said "'I will kill you'" and "'I'll kick your ass.'"  Shaffer described the instances where Sage threatened him with bodily injury and

_____

[1]      All further statutory references are to the Code of Civil Procedure.

1

death.  Shaffer also described Sage's criminal background, and a "frivolous small claims suit" Sage had filed against him.  Shaffer's declaration attached numerous documents, including a letter from the Sonoma County Sheriff's Department stating Sage is a "'[p]rolific [o]ffender'" with a lengthy criminal background.  Shaffer averred he needed a "restraining order for [his] safety and protection" because he was "fearful that [Sage's] behavior will escalate[.]"  Shaffer sought medical treatment for the "incredible stress" Sage's "repeated stalking" caused him — he "suffered from insomnia and severe anxiety" and "severe abdominal pain and gastric distress."  The court issued a temporary restraining order (form CH-110).

In a lengthy written opposition, Sage explained her behavior.  Among other things, she claimed: (1) the judge who issued the temporary restraining order was prejudiced against her; (2) Shaffer did "not need to get a restraining order" against her; (3) her arguments with Shaffer were "none of [the court's] business[;]" and (4) her phone records established Shaffer was harassing her.  The court held a hearing on the request for an injunction and heard testimony.  At the conclusion of the hearing, the court issued a three-year injunction requiring Sage to stay 100 yards away from Shaffer, and prohibiting her from contacting Shaffer.  The court later denied Sage's "motion for reconsideration and dismissal" of the restraining order.

DISCUSSION

The Legislature enacted section 527.6 "'to protect the individual's right to pursue safety, happiness and privacy as guaranteed by the California Constitution.' [Citations.]  It does so by providing expedited injunctive relief to victims of harassment. [Citation.]" (*Brekke, supra,* 125 Cal.App.4th at p. 1412; *Thomas v. Quintero* (2005) 126 Cal.App.4th 635, 648.)  Section 527.6 enables "[a] person who has suffered harassment" — defined as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose" — to seek "an injunction prohibiting harassment as provided in this section."  (§ 527.6, subds. (a)(1), (b)(3).)  "The course of conduct must be such as would cause a

2

reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress" to the party seeking the injunction. (§ 527.6, subd. (b)(3).) A judge may issue an injunction pursuant to section 527.6 upon "clear and convincing evidence that unlawful harassment exists[.]" (§ 527.6, subd. (i).)

We uphold the injunction if there is any reasonable, credible evidence, contradicted or uncontradicted, supporting the court's findings and order. (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.) "In assessing whether substantial evidence supports the requisite elements of willful harassment, as defined in . . . section 527.6, we review the evidence before the trial court in accordance with the customary rules of appellate review. We resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value." (*Id.* at p. 762.)

Sage claims the court erred by issuing the injunction because the judge did "not know the entire true facts[.]" This argument is based entirely on Sage's self-serving factual recitation, which omits *all* of the evidence supporting the injunction: i.e., that she called Shaffer over 100 times, wrote him at least 15 threatening letters, came to his house, and threatened to kill him. Shaffer was "fearful" and suffered severe anxiety, insomnia, and physical pain as a result of Sage's conduct. Substantial evidence therefore supports the conclusion Sage exhibited a "knowing and willful course of conduct" directed at Shaffer that "seriously alarm[ed], annoy[ed], or harasse[ed]" him, that "serve[d] no legitimate purpose[,]" and that actually caused Shaffer substantial emotional distress and would cause a reasonable person such distress. (§ 527.6, subd. (b)(3); *Brekke, supra,* 125 Cal.App.4th at p. 1413.) Substantial evidence also supports the conclusion that Sage made a "'[c]redible threat of violence'" when she threatened to injure and kill Shaffer. (§ 527.6, subds. (b)(2), (b)(3).)

We reject Sage's claim — unsupported by citation to the record or to authority — that she was not given "the chance to say [her] side" at the hearing on the injunction request. The record demonstrates the court considered Sage's written opposition to the

3

injunction request, and the testimony she offered at the hearing on the request for an injunction.

## DISPOSITION

The injunction issued pursuant to Code of Civil Procedure section 527.6 is affirmed.  In the interests of justice, the parties will bear their own costs on appeal.

 

                                       _____

                                       JONES, P.J.

WE CONCUR:


_____

NEEDHAM, J.


_____

BRUINIERS, J.